### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| THI MY THOM DINH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02353-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director at the U.S. Immigration and | ) | |
| Customs Enforcement New Orleans Field | ) | |
| Office, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
### AND DENYING OUTSTANDING MOTIONS AS MOOT

Petitioner Thi My Thom Dinh, a noncitizen detained in the West Tennessee Detention

Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

(ECF No. 2.)  The Court ordered Respondent to show cause why the Writ should not be granted.

(ECF No. 7.)  Respondent responded. (ECF No. 9.)  And for the reasons below, the Court

**GRANTS** the Petition.

### BACKGROUND

Petitioner, a Vietnamese citizen, entered the United States at the southern border on

December 2, 2024.  (ECF No. 2-3 at PageID 20.)  Immigration authorities released her on her

own recognizance and issued her a Notice to Appear.  (*Id.*)  She has been living in the United

States and has no criminal history.  (*Id.*)  The Department of Homeland Security ("DHS")

arrested Petitioner on January 20, 2026, at her scheduled check-in.  (*Id.*)  It issued Petitioner a

Notice to Appear ("NTA") that same day.  (ECF No. 3-1 at PageID 52.)  The NTA charged

1

Petitioner with being an alien "present in the United States who has not been admitted or paroled, or who has arrived in the United States at any time other than as designated by the Attorney General" and "who . . . is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document . . . and a vlid unexpired passport, or other travel document, or document of identity or nationality . . . ." under the Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212 (a)(7)(i)(I).  (*Id.* at PageID 55.)  Petitioner is currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee.  (ECF No. 2-3 at PageID 20.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided her a bond hearing.  (*See generally* ECF No. 2.)  Instead, DHS and EOIR determined that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  (*See id.*)  Petitioner alleges that her detention under § 1225(b) violates the Immigration and Nationality Act and her Fifth Amendment right to due process.  (ECF No. 2-3 at PageID 24–28.)  She asks the Court to grant the Petition and order her immediate release.  (*Id.* at PageID 28–29.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  *Lopez-Campos*, 2026 WL 1283891, at *13.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this

2

conclusion. *Id.* at \*6. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at \*13. *Lopez-Campos* affirms this Court's many decisions granting habeas relief to petitioner's under similar circumstances. *See, e.g.*, *Monge-Nunez v. Ladwig*, No. 2:25-cv-03043-TLP-atc, 2025 WL 3565348 (W.D. Tenn. Dec. 12, 2025).

Respondent responded before the decision in *Lopez-Campos* but submitted an abbreviated response recognizing this case's similarities to the cases this Court previously addressed. (ECF No. 9 at PageID 41–42.) The Court finds that the facts here are similar enough to its previous cases and to the facts in *Lopez-Campos* that the reasoning in *Lopez-Campos* controls.

The Court therefore **GRANTS** the Petition. Petitioner's detention not only violated procedural due process but deprived her of liberty for over four months. She is therefore entitled to immediate release. *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at \*10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

The Court also **DENIES** Petitioner's Motion for Leave to Appear Pro Hac Vice, which is deficient under the Local Rules, and her Motion for an Extension of Time to File Reply, for her reply that was over a month late, as moot.

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

3

**SO ORDERED**, this 4th day of June, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE